**Josie W. THOMAS, Plaintiff,**

v.

**George P. SHULTZ, Defendant.**

**Civ. A. No. 81–1659.**

United States District Court,
District of Columbia.

June 13, 1985.

Josie W. Thomas, pro se.

Edith Marshall, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

JOHN GARRETT PENN, District Judge.

This comes before the Court on the plaintiff's request for the use of a recorder at her deposition which is now scheduled for June 14, 1985. The plaintiff is pro se. The request is "strongly" opposed by the defendant.

The plaintiff filed this discrimination action in 1981. At the time she filed the action she was pro se. In the intervening years several attorneys have agreed to represent her and filed appearances on her behalf only to thereafter withdraw at her request or with her consent. The case was scheduled for trial in April 1985, however, the trial was continued because the defendant had been unable to complete the plaintiff's deposition. On the occasion of the first date set for the deposition, the plaintiff moved to continue the deposition because of a family emergency. That motion was granted. The deposition was rescheduled but did not go forward because the plaintiff refused to submit to questions without having her own tape recorder available. Finally, her attorneys, Joseph Sellers and Joseph Scott, who represented her at that time and who had prepared the case for trial, withdrew at plaintiff's request and the deposition was delayed while plaintiff sought to obtain new counsel. Another attorney entered his appearance on behalf of the plaintiff but within a few weeks he also moved to withdraw. That motion has been granted at the request of the plaintiff.

The plaintiff's request to have a tape recorder present is made because, in her view, the defendant may engage in "inventions of records" and because portions of the records in other proceedings involving her "were deleted and verbatim transcripts requested were denied". Plaintiff also represents that "it is unsafe to be in the presence of the defendant" and that counsel for the defendant made a "vulgar" telephone call to her in March 1985. The defendant argues that the request should be denied and that plaintiff's claims are "outrageous and incredible".

The reactions of the defendant and his counsel to the arguments made by the plaintiff in support of her request are quite understandable since the plaintiff has not offered any support for her allegations of misconduct. Indeed, the record in this case reflects that the plaintiff has made similar allegations against her lawyers, lawyers for the defendant, public officials, and others without offering any factual support for those allegations. The Court notes, that the plaintiff has never offered evidence in support of her allegations of misconduct by her counsel and counsel for the defendant even though the Court has given her the opportunity to do so on several occasions.

■ The Court finds that the factual allegations of misconduct made by the plaintiff against for the Government are without merit. The Court concludes, however, that the plaintiff's request should be granted in order to allow the plaintiff one last opportunity to have her deposition taken by the defendant. Clearly, it is within the discretion of the Court to grant the request. *See* Fed.R.Civ.P. 30(b)(4). Moreover, there is precedent for granting such a request even though the request is unusual. *See e.g., Montgomery Mills, Inc. v. Giffen-Burgess Corp.,* 18 F.R.Serv.2d 578 (D.Del.1974). The plaintiff must come for-

ward for her deposition on June 14, 1985, and if she fails to do so the Court will dismiss this case with prejudice.

█ Even though the Court grants the plaintiff's request it is with the understanding that the plaintiff will not interfere with the taking of the deposition, that her recording is not the official record of the proceeding, that she shall not interrupt the deposition to adjust her recording device or request that questions and answers be repeated because her machine did not record them, and that the operation of her tape recorder is to be completely subordinate to the conduct of the deposition. *See Montgomery Mills, Inc., supra.* The Court also requires that the official reporter for the deposition shall tape record the deposition in addition to taking the deposition by way of stenographic means. In this way, there should be no further quarrel as to what was said at the time of the deposition.

In view of the above, it is hereby

ORDERED that plaintiff's request is granted, and it is further

ORDERED that the plaintiff may take her personal tape recorder to the deposition and record the deposition, and it is further

ORDERED that once the deposition begins, the deposition shall go forward and will not be stopped to allow the plaintiff to adjust her recording device except that it may be stopped for the limited purpose of turning the device on or off and to allow the plaintiff to change tapes if and when such action is necessary, and it is further

ORDERED that the plaintiff's tape recording is not the official record of the proceeding and is in every way subordinate to the official record taken by the stenographer, and it is further

ORDERED that it shall be the sole responsibility of the plaintiff to appear at the deposition with an available tape recorder and with sufficient tapes so that the deposition may be completed, and that if she fails to do so, the deposition will go forward nevertheless, and it is further

ORDERED that it is the sole responsibility of the plaintiff to insure the safe keeping of her tape recorder and her tapes, and it is further

ORDERED that if she wishes to make any objections to questions for whatever reason, she shall note the objection on the record and then answer the question, and it is further

ORDERED that once counsel for the defendant has completed her questions, the plaintiff may make a statement, under oath, directed to any matter covered in the deposition, and that once she has completed her statement, if any, counsel for the defendant may conduct a further examination of the plaintiff directed to anything covered in the plaintiff's statement, and it is further

ORDERED that in the event, for any reason, the deposition is stopped, or if either party refuses to go forward, the parties shall immediately appear before this Court in Courtroom 17 in order to set forth the reasons for such action, and it is further

ORDERED that the plaintiff shall appear for her deposition on the date and time now scheduled, and if she fails to do so this case will be dismissed with prejudice.